# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0232, <u>Clayton Alexander & a. v. City of Nashua</u>, the court on February 18, 2022, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The plaintiffs, Clayton and Georgette Alexander, appeal an order of the Superior Court (Temple, J.) upholding decisions of the City of Nashua Zoning Board of Adjustment (ZBA) and Planning Board in connection with a proposed dog daycare business. We affirm.

A brief summary of the case follows. The applicant proposed to open a dog daycare business called "Zoomies" at 1 Hardy Street in Nashua. The property is located in the "Local Business" zoning district, and, although "animal pet services" are permitted as a matter of right within that zone, city planning staff directed the applicant to apply for a variance in order to have an outdoor area for the dogs. The city planning staff reached this determination based on the fact that the zoning ordinance identifies an "[o]utdoor display of retail goods, wares and merchandise" as a "permitted accessory use" within certain zoning districts, but not within the local business district. Subsequently, the ZBA approved the variance. However, after the plaintiffs and other abutters who opposed the application moved for rehearing, the ZBA effectively reconsidered its decision and determined that it had erred. The ZBA concluded, as the applicant, the plaintiffs, and other abutters had urged, that the "outdoor display" provision did not apply to an outdoor area for dogs that is part of a dog daycare business. The ZBA also determined that it should not have heard the case in the first instance because the proposed use was permitted as a matter of right, and, therefore, it denied the plaintiffs' and abutters' motions for rehearing.

After the ZBA's decision that the proposed use was permitted, the planning board granted conditional site plan approval. The plaintiffs sought review of that decision by the ZBA, which denied the request. Thereafter, on appeal to the superior court, the court upheld the ZBA and planning board decisions. This appeal followed.

On appeal, the plaintiffs advance numerous challenges to the trial court's order. However, as the appealing party, the plaintiffs have the burden of demonstrating that the trial court committed reversible error. Based upon our review of the trial court's well-reasoned order, the plaintiffs' challenges to it, the

relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated that the trial court committed reversible error.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**